TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6787
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | 2:25-CV-310-APG-DJA |
| Plaintiff, | **Stipulation for Entry of Judgment of Forfeiture as to Oliver Jair Martinez-Mendez, and Order** |
| v. | |
| $755,831 in United States Currency, | |
| Defendant, | |
| Oliver Jair Martinez-Mendez, | |
| Claimant. | |

The United States and Oliver Jair Martinez-Mendez, Claimant, through his counsel, Richard Wynn, Wynn Law Group, and Ismail Amin, The Amin Law Group NV., Ltd., stipulate as follows:

1.     Claimant Oliver Jair Martinez-Mendez and the government knowingly and voluntarily agree to resolve the forfeiture in this case to avoid further litigation. Rather than using this Court's, the government's, its attorneys', Oliver Jair Martinez-Mendez's, and his attorneys' scarce resources and time, Oliver Jair Martinez-Mendez and the government knowingly and voluntarily agree to settle this case with prejudice.

2.     Oliver Jair Martinez-Mendez knowingly and voluntarily agrees to the civil forfeiture of, and to the district court imposing the civil forfeiture of, the $755,831.

3.    Oliver Jair Martinez-Mendez knowingly and voluntarily agrees to forfeit the $755,831 to the United States. The parties knowingly and voluntarily agree the United States will forfeit the $755,831, return $151,166.20 of the forfeitable amount to Oliver Jair Martinez-Mendez, and retain $604,664.80 of the forfeitable amount.

4.    Oliver Jair Martinez-Mendez knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property in the $755,831.

5.    The execution of this Stipulation does not constitute any admission of fact or wrongdoing by Oliver Jair Martinez-Mendez, the United States of America, United States Department of Justice, United States Attorney's Office for the District of Nevada, United States Drug Enforcement Administration, the Internal Revenue Service-CI, San Bernardino County Sheriff's Department, Bell Gardens Police Department, Riverside County Sheriff's Department, California Department of Alcoholic Beverage Control, Montclair Police Department, Ontario Police Department, Redlands Police Department, Rialto Police Department, San Bernardino Police Department, State of California, Las Vegas Metropolitan Police Department, City of North Las Vegas Police Department, Nevada Gaming Control Board Enforcement Division, the State of Nevada, their agencies, their agents, and their employees.

6.    Oliver Jair Martinez-Mendez and his attorneys knowingly and voluntarily agree to fill out the Department of the United States Treasury Automated Clearing House (ACH) form accurately and correctly and submit it to the United States Attorney's Office, District of Nevada, so the payment occurs by electronic fund transfer.

7.    Oliver Jair Martinez-Mendez knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the United States Department of the Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made under this Stipulation, they will receive a notification from the United States Department of the Treasury at the last

2

address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this Stipulation do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Richard Wynn's IOLTA account, on his behalf, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

8.   Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees the $151,166.20 may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

9.   Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees that after the United States District Court has signed and entered this Stipulation concerning the $755,831 and signed and entered the Final Judgment of Forfeiture in this case, within a practicable time thereafter for the United States, the United States agrees to release to Oliver Jair Martinez-Mendez one payment of $151,166.20 less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Richard Wynn's IOLTA account.

10.   Oliver Jair Martinez-Mendez and the government knowingly and voluntarily understand and agree (1) each party will bear its own attorneys' fees, costs, and expenses; (2) the government settling this case is considered as substantially prevailing under 28 U.S.C. § 2465(b)(1); and (3) reasonable cause existed for the seizure, arrest, and forfeiture of the $755,831.

11.   Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to waive service of process and to waive any further notice to him, his agents, or his attorneys regarding the $755,831.

12.   Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to waive his right to any judicial proceedings concerning the forfeiture of the $755,831 (proceedings).

13. Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees not to file any other documents in this case or any other case or proceeding concerning the $755,831.

14. Oliver Jair Martinez-Mendez knowingly and voluntarily agrees not to contest, and not to assist any other person and entity to contest, the forfeiture in any proceedings concerning the $755,831.

15. Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to withdraw his claim and answer filed in this case concerning the $755,831 when this Court grants this Stipulation.

16. Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, the stops, searches, seizures, and forfeiture of the $755,831 in any proceedings under the United States Constitution, Fourth Amendment.

17. Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to waive the statute of limitations; the CAFRA requirements; the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rule of Civil Procedure, (Supp. R.) A, G; other Federal Rules of Civil Procedure that are not inconsistent with the Supp. Rules;[1] including, but not limited to, the seizing of, bringing the civil forfeiture in rem action against the $755,831; the filing of a verified complaint; service of process; this Court holding hearings, a bench trial or jury trial; this Court making factual findings; forfeiting the $755,831; and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding seizing, bringing the civil forfeiture in rem action against the $755,831 in any proceedings, and forfeiting the $755,831, including, but not limited to, Double Jeopardy Clause and Due Process Clause under the United States Constitution, Fifth Amendment.

18. Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to waive any and all constitutional, statutory, legal, equitable rights, defenses, and

---

[1] Supp. R. A(1)-(2); Supp. R. G.

claims regarding seizing, bringing the civil forfeiture in rem action against, and forfeiting the $755,831 in any proceedings, including, but not limited to, a Jury Trial under the United States Constitution, Sixth Amendment.

19.    Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the seizing of, bringing the civil forfeiture in rem action against, and forfeiting the $755,831 in any proceedings, including, but not limited to, the Excessive Fines Clause and the Cruel and Unusual Punishments Clause under the United States Constitution, Eighth Amendment.

20.    Oliver Jair Martinez-Mendez knowingly and voluntarily agrees to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property in any proceedings under *Honeycutt v. United States*, 137 S. Ct. 1626 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021) in any proceedings concerning the $755,831.

21.    Oliver Jair Martinez-Mendez knowingly and voluntarily agrees to the entry of a Final Judgment of Forfeiture of the $755,831 to the United States.

22.    Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to waive any rights to appeal this case.

23.    Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to hold harmless the United States of America, United States Department of Justice, United States Attorney's Office for the District of Nevada, United States Drug Enforcement Administration, the United States Department of the Treasury, the Internal Revenue Service-Criminal Investigation, San Bernardino County Sheriff's Department, Bell Gardens Police Department, Riverside County Sheriff's Department, California Department of Alcoholic Beverage Control, Montclair Police Department, Ontario Police Department, Redlands Police Department, Rialto Police Department, San Bernardino Police Department, State of California, Las Vegas Metropolitan Police Department, City of North Las Vegas Police Department, Nevada Gaming Control Board Enforcement

Division, the State of Nevada, their agencies, their agents, and their employees, from any claim made by him or any third party arising from the facts and circumstances of this case regarding the $755,831.

24.   Oliver Jair Martinez-Mendez knowingly and voluntarily understands and agrees to release and forever discharge the United States of America, United States Department of Justice, United States Attorney's Office for the District of Nevada, United States Drug Enforcement Administration, the United States Department of the Treasury, the Internal Revenue Service-Criminal Investigation, San Bernardino County Sheriff's Department, Bell Gardens Police Department, Riverside County Sheriff's Department, California Department of Alcoholic Beverage Control, Montclair Police Department, Ontario Police Department, Redlands Police Department, Rialto Police Department, San Bernardino Police Department, State of California, Las Vegas Metropolitan Police Department, City of North Las Vegas Police Department, Nevada Gaming Control Board Enforcement Division, the State of Nevada, their agencies, their agents, and their employees, from any and all claims, rights, or causes of action of any kind that Oliver Jair Martinez-Mendez now has or may hereafter have on account of, or in any way growing out of the $755,831.

25.   Oliver Jair Martinez-Mendez and his attorneys knowingly and voluntarily understand and agree that any issue of any other potential claimant must be resolved before the United States District Court Chief Judge can enter the Final Judgment of Forfeiture.

26.   Oliver Jair Martinez-Mendez and his attorneys knowingly and voluntarily understand and agree to the conditions in this Stipulation.

27.   This Stipulation contains the entire agreement between the parties.

28.   Except as expressly stated in this Stipulation, no party, entity, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, entity, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

6

29.  Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

30.  The persons and entities who sign this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the person or entity on whose behalf they are signing to the terms of this Stipulation.

31.  This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

32.  Each party shall bear his or its own attorneys' fees, interest, expenses, and costs. The discretionary stipulation to settle this forfeiture case shall not be a basis for an award of attorneys' fees, expenses, costs, and interest.

33.  This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

34.  The parties knowingly and voluntarily agree that they may sign this Stipulation in one or more counterparts in electronic or facsimile copies of this Stipulation that will be considered as a legal original and the signatures will be legal and binding.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $755,831.

Dated: March 1, 2026

Wynn Law Group

RICHARD WYNN, ESQ.

Dated: 03/02/2026

The Amin Law Group NV, Ltd.

ISMAIL AMIN, ESQ.
*Attorneys for Claimant
Oliver Jair Martinez-Mendez*

Dated: 3-1-2026

OLIVER JAIR MARTINEZ-MENDEZ
*Claimant*

Dated: _____

TODD BLANCHE
Deputy Attorney General

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
*Attorneys for the United States*

IT IS SO ORDERED:

Dated: _____

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT COURT JUDGE

8

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $755,831.

Dated: _____

Wynn Law Group


_____
RICHARD WYNN, ESQ.



Dated: _____

The Amin Law Group NV, Ltd.



_____
ISMAIL AMIN, ESQ.
*Attorneys for Claimant*
*Oliver Jair Martinez-Mendez*



Dated: _____

_____
OLIVER JAIR MARTINEZ-MENDEZ
*Claimant*



Dated: March 6, 2026

TODD BLANCHE
Deputy Attorney General



*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
*Attorneys for the United States*


IT IS SO ORDERED:

Dated: March 9, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT COURT JUDGE

8